[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ summons and complaint, dated November 26, 1992, the plaintiff instituted this action of conversion against the defendant.
After a full trial, the court, based on a preponderance of the credible, relevant and legally admissible evidence, finds, CT Page 4102 determines and rules as follows:
On or about November 27, 1990, the plaintiff, Michael Schoff, at an auction, purchased approximately 100,000 masonry blocks for $2,750.00. The auction was conducted on behalf of a bank which had seized the assets of a failed concrete block manufacturer. The terms of the auction, as set forth in the auction catalog, required the plaintiff to remove the blocks on or before December 4, 1990. This time limit was impossible to meet. Accordingly, the plaintiff was required to remove the blocks within a reasonable time.
The defendant, Xenelis Construction Co., Inc., at a subsequent auction, purchased the land on which the blocks were located and took title to the premises on July 25, 1991. At that time the defendant purchased the land, he was unaware that the plaintiff claimed ownership of the remaining blocks. The plaintiff had removed approximately 75% of the blocks before the land purchase. After the claim of ownership by the plaintiff, the defendant agreed to allow the plaintiff to remove the remainder of the blocks provided he supply the defendant with a certificate of insurance and remove the blocks during day time hours. When the plaintiff failed to adhere to said conditions, the defendant revoked his license to enter the property and remove the blocks. This lawsuit followed.
The court expressly finds:
The plaintiff had a reasonable time within which to remove the blocks he purchased at auction. The plaintiff has no right to store any blocks on the land now owned by the defendant's. The plaintiff's failure to remove the blocks within a reasonable time resulted in the plaintiff's use of the defendant's land for storage of his personal property.
The plaintiff failure to exercise diligence in the removal of the blocks was unreasonable.
The defendant has not acted unreasonably under the facts and circumstances of this case. Although the plaintiff disposed of some blocks, he did not intentionally convert same because he was unaware of the plaintiff's ownership at the time.
The defendant, from time to time, in the conduct of his own business and in the utilization of his own land, was required at CT Page 4103 its own expense to move certain of the blocks within the confines of the premises.
The plaintiff's actions in failing to remove his property from the premises was unreasonable because such failure interfered with the defendant's ability to utilize its own land for its own purpose in violation of its inherent rights of ownership.
Having found that the actions of the defendant were reasonable, under the facts and circumstances of this case, and, that the defendant did not intentionally utilize the plaintiffs property as its own, and, further, that the action of the plaintiff in failing to remove the blocks in a timely manner was unreasonable, judgment should enter for the defendant on the plaintiff's complaint.
Accordingly, judgment is hereby entered for the defendant, Xenelis Construction Co. Inc. on the plaintiff, Michael Schoffs', complaint.
Further, the plaintiff is ordered to remove all of his masonry blocks from the premises of the plaintiff on or before June 12, 1995. If the defendant fails to remove said blocks before said date, the blocks shall be deemed abandoned and may be disposed of by the defendant in any manner it sees fit.
No costs are awarded either party.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with written Stipulation on file
Jonathan Field, Deputy Chief Clerk